## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## MINNEAPOLIS DIVISION

COLEEN ROWLEY,
WILLIAM "BILL" SOREM,
FIONA ROEDL, DARLENE
COFFMAN,
JANICE WARD, DAVID
EVENHOUSE, AMY
BLUMENSHINE, MIKE
MADDEN, CAROL WALKER,
and JOHN DOE (on behalf of
themselves and all others
similarly situated)



RECEIVED

DEC 1 2 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

DEC 1 5 2025
U.S. DISTRICT COURT MPLS

                    Plaintiffs
                    Pro Se

vs.

BRAD FINSTAD, ANGIE
CRAIG, DEAN PHILLIPS,
BETTY MCCOLLUM, TOM
EMMER, MICHELLE
FISCHBACH, PETE
STAUBER, AMY
KLOBUCHAR, TINA SMITH,
and LLOYD J. AUSTIN III; and
PETE HEGSETH

                    Defendants

**No. O: Case 25-cv-02059-ECT-LIB**

**AMENDED
COMPLAINT
DEMAND FOR JURY
TRIAL**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PARTIES

1. Plaintiffs

   a. Plaintiff No. 1

   | | |
   |---|---|
   | Name | Coleen Rowley |
   | Street Address | 193 Beaumont Ct |
   | City, County | Apple Valley, Dakota Co. |
   | State & Zip Code | Minnesota  55124 |
   | Telephone Number | 952 393-0914 |
   | Email | rowleyclan@eartlink.net |

   b. Plaintiff No. 2

   | | |
   |---|---|
   | Name | William "Bill" Sorem |
   | Street Address | 14301 Stewart Lane, #405 |
   | City, County | Minnetonka, Hennepin Co. |
   | State & Zip Code | Minnesota  55345-5833 |
   | Telephone Number | 952 239-1169 |
   | Email: | bill_sorem@me.com |

   c. Plaintiff No. 3

| | |
|---|---|
| Name | Fiona Roedl |
| Street Address | 4520 33rd Ave. So. |
| County, City | Minneapolis, Hennepin Co. |
| State & Zip Code | Minnesota 55406 |
| Telephone Number | 612 242-1999 |
| Email | fionaroedl@gmail.com |

d. Plaintiff No. 4

| | |
|---|---|
| Name | Darlene Coffman |
| Street Address | 1019 Chalet Dr. NW |
| City, County | Rochester, Olmsted Co. |
| State & Zip Code | Minnesota 55901 |
| Telephone Number | 507 513-1730 |
| Email | darlenecoffman@yahoo.com |

e. Plaintiffs No. 5 and 6

| | |
|---|---|
| Name | Janice Ward and David Evenhouse |
| Street Address | 48063 Big Island Rd. |
| City, County | Marcell, Itasca Co. |
| State & Zip Code | Minnesota 56657 |
| Telephone Number | 218 832-3946 |
| Email | forgetmenot@bigfork.net; |

3

devenhouse48@gmail.com

f. Plaintiff No 7

| | |
|---|---|
| Name | Michael John Madden |
| Street Address | 1768 Iglehart Avenue |
| City, County | St. Paul, Ramsey |
| State & Zip Code | Minnesota  55104 |
| Telephone Number | 651 644-2288 |
| Email | mike@mudpuppies.net |

g. Plaintiff No. 8

| | |
|---|---|
| Name | Carol Walker |
| Street Address | 1311 Earl Street |
| City, County | St. Paul, Ramsey Co. |
| State & Zip Code | Minnesota, 55106 |
| Telephone Number | 651 774-5795 |
| Email | carolwalks4@gmail.com |

h. Plaintiff No. 9

| | |
|---|---|
| Name | John Doe |
| County | Stearns Co. |

4

State & Zip Code    Minnesota,  56352

i.   Plaintiff No. 10

Name                   Amy Blumenshine

Street Address      3156 Elliot Ave.

City, County         Minneapolis, Hennepin

State & Zip Code   Minnesota 55106

Telephone No.      612 822-6059

Email                  amyblumenshine@mac.com

2.  Defendants

   a.  Defendant No. 1

Name                   Brad Finstad

Street Address      2746 Superior Drive NW, Suite 100

City, County         Rochester, Olmsted

State & Zip Code   Minnesota 55901

   b.  Defendant No. 2

Name                   Angie Craig

Street Address      1915 Plaza Dr., Suite 202

City, County         Eagan, Dakota

State & Zip Code        Minnesota 55122

c.  Defendant No. 3

Name                    Dean Phillips

Street Address          13911 Ridgedale Drive, Suite 200

City, County            Minnetonka, Hennepin

State & Zip Code        Minnesota 55305

d.  Defendant No. 4

Name                    Betty McColllum

Street Address          661 LaSalle St., Suite 110

City, County            St. Paul, Ramsey

State & Zip Code        Minnesota 55114

e.  Defendant No. 5

Name                    Tom Emmer

Street Address          1107 Hazeltine Blvd, Suite 476

City, County            Chaska, Carver

State & Zip Code        Minnesota 55318

f.  Defendant No. 6

Name                    Michelle Fischbach

Street Address          2513 8th St. S.

City, County            Moorhead, Clay Co.

6

| | |
|---|---|
| State & Zip Code | Minnesota 56560 |

g. Defendant No. 7

| | |
|---|---|
| Name | Pete Stauber |
| Street Address | Brainerd City Hall, 501 Laurel St. |
| City, County | Brainerd, Crow Wing Co. |
| State & Zip Code | Minnesota 56401 |

h. Defendant No. 8

| | |
|---|---|
| Name | Amy Klobuchar |
| Street Address | 1200 Washington Ave. So., Suite 250 |
| City, County | Minneapolis, Hennepin |
| State & Zip Code | Minnesota 55415 |

i. Defendant No. 9

| | |
|---|---|
| Name | Tina Smith |
| Street Address | 60 Plato Blvd., East Suite 221 |
| City, County | St. Paul, Ramsey |
| State & Zip Code | Minnesota 55107 |

j. Defendant No. 10

| | |
|---|---|
| Name | Lloyd Austin III |
| Street Address | (former) Secretary of Defense, 1000 Defense, Pentagon |

State & Zip Code        Washington, DC 20301-1000

k. Defendant No. 11

   Name                 Pete Hegseth

   Street Address       Secretary of Defense, 1000 Defense, Pentagon


   State & Zip Code     Washington, DC 20301-1000

## JURISDICTION

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   x  Federal Question

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue?  List all that apply.

   Constitutional Rights; federal laws and treaties; a Declaratory Judgment Action

   (28 U.S.C. Sections 1331, 2201, 2202); and right to judicial review under the

   Administrative Procedure Act, 5 U.S.C. Section 701 et seq.

5. What is the basis for venue in the District of Minnesota? *(check all that apply)*

   X  All Defendants (except for Lloyd Austin III and Pete Hegseth) and all
   Plaintiffs reside in Minnesota

## STATEMENT OF THE CLAIM

8

6.     Plaintiffs are taxpayer residents in the U.S. Congressional Districts for

which Defendants BRAD FINSTAD, ANGIE CRAIG, DEAN PHILLIPS,

BETTY MCCOLLUM, TOM EMMER, MICHELLE FISCHBACH, and

PETE STAUBER serve or served as members of Congress and for which

Defendants AMY KLOBUCHAR and TINA SMITH serve or served as their

U.S. Senators.  Plaintiffs allege that Defendants BRAD FINSTAD, ANGIE

CRAIG, DEAN PHILLIPS, BETTY MCCOLLUM, TOM EMMER,

MICHELLE FISCHBACH, PETE STAUBER, AMY KLOBUCHAR and

TINA SMITH ("Congressional Defendants" or "Defendant Congresspersons")

and LLOYD J. AUSTIN III and PETE HEGSETH (as former and current

Defense Secretaries) exceeded the constitutional and other statutory limitations

on their tax and spend authority by voting in April 2024 to authorize and to

implement the funding of the Israeli military when they were aware, or should

have been aware, that the Israeli military was committing genocide in Gaza,

which made their votes and Defense Secretaries' implementation of their votes

a violation of customary international and federal law that prohibits complicity

in genocide.  Furthermore, Defendants' actions violated multiple other laws

and policies, including the Leahy Law, which prohibits aid to foreign security

forces that have committed a gross violation of human rights;  the Foreign

Assistance Act of 1961 and Arms Export Control Act, which prohibits

assistance to any country in which the government engages in a consistent

pattern of gross violations of internationally recognized human rights and

require the advancement of U.S. foreign policy interests consistent with

internationally-recognized human rights; and the Conventional Arms Transfer

policy, which prohibits U.S. weapons transfers that risk facilitating or

otherwise contributing to violations of human rights or international law.

Plaintiffs' constitutional rights to have their taxes collected for only lawful

purposes have been and continue to be violated by Defendants' actions to use

Plaintiffs' taxes for unlawful, unconstitutional purposes of being complicit in

genocide. Furthermore, the acts of the Defendant Congresspersons resulted in

the passage of the Israel Security Supplemental Appropriations Act, which

appropriated $26.38 billion in U.S. taxpayer dollars to the U.S. Department of

Defense to be used as military aid to Israel. Defendants LLOYD J. AUSTIN

III, in his role as former Secretary of Defense of the U.S. Department of

Defense was initially responsible for the military funding sent to Israel

pursuant to the Act and PETE HEGSETH, as current Secretary of Defense of

the U.S. Department of Defense is ultimately responsible for remainder of the

military aid sent to Israel pursuant to the Act. This Act has and continues to

violate the same constitutional rights of Plaintiffs to have their taxes collected

and used in line with the "Taxing and Spending Clause of the U.S. Constitution

for only lawful purposes and not for the unlawful purpose of being complicit in
genocide. Accordingly the Act is unconstitutional and should be declared as
such and enjoined from enforcement.

## JURISDICTION AND VENUE

7.   This action is brought pursuant to the United States Constitution. It is
     authorized by Article III, Section 2, which extends the federal judicial power to
     all cases arising in equity under the Constitution. An actual case and
     controversy exists between the parties because while Plaintiffs allege that
     Defendants' votes to authorize the funding of the Israeli military was
     unconstitutional and violated their constitutional rights to have their taxes
     collected for only lawful purposes, Defendants would presumably deny that
     their votes were unconstitutional. This controversy threatens Plaintiffs'
     constitutional rights and emotional or psychic health. Plaintiffs have no
     adequate remedy at law to redress the harms herein, which are of a continuing
     nature.

8. This Court has jurisdiction pursuant to 28 U.S.C. section 1331 as this action
   arises under the laws of the United States. This Court can grant declaratory
   relief in the first instance and later consider further necessary or proper relief,

if warranted, pursuant to the Declaratory Judgment Act (28 U.S.C. Sections

2201, et seq.). Only the Court has the authority to declare Defendants' conduct

unconstitutional.

9. Plaintiffs also have the right to judicial review under the Administrative

Procedure Act, 5 U.S.C. Section 701, et seq. Congress has enacted a partial

waiver of the sovereign immunity defense as to judicial review under the

Administrative Procedure Act, 5 U.S.C. Section 701, et seq. By Pub. L. No.

94-574, Act of October 21, 1976, 90 Stat. 2721, 5 U.S.C. Section 702 was

amended to provide that ("an action in a court of the United States seeking

relief other than money damages and stating a claim that an agency or an

officer or employee thereof acted or failed to act in an official capacity or

under color of legal authority shall not be dismissed nor relief therein be

denied on the ground that it is against the United States or that the United

States is an indispensable party.") In addition, 5 U.S.C. Section 703 has been

amended to allow suit to be brought against the United States or any of its

agencies or officers. The sovereign immunity defense has been withdrawn

with respect to actions seeking specific relief other than money damages, such

as an injunction, a declaratory judgment, or a writ of mandamus. *Bowen v.*

*Massachusetts,* 487 U.S. 879 (1988).

12

10. A substantial part of the events or omissions giving rise to the claims occurred

in the judicial district of the United States District Court, District of Minnesota.

## **PARTIES**

11. Plaintiff COLEEN ROWLEY is a federal taxpayer and resident of Dakota

County. Defendant ANGIE CRAIG is ROWLEY'S Congressional

Representative and Defendants AMY KLOBUCHAR and TINA SMITH are

her U.S. Senators for Minnesota.

12. Plaintiff FIONA ROEDEL is a federal taxpayer and resident of Hennepin

County. Defendants AMY KLOBUCHAR and TINA SMITH are ROEDEL's

U.S. Senators for Minnesota.

13. Plaintiff DARLENE COFFMAN is a federal taxpayer and resident of

Olmsted County. Defendant BRAD FINSTAD is COFFMAN's U.S.

Congressional Representative and Defendants AMY KLOBUCHAR and TINA

SMITH are her U.S. Senators for Minnesota.

14. Plaintiffs JANICE WARD and DAVID EVENHOUSE are a married couple

federal taxpayers and residents of Itasca County. Defendant PETE STAUBER

is WARD's and EVENHOUSE's U.S. Congressional Representative and

Defendants AMY KLOBUCHAR and TINA SMITH are their U.S. Senators

for Minnesota.

15. Plaintiff AMY BLUMENSHINE is a federal taxpayer and resident of Hennepin County. Defendants AMY KLOBUCHAR and TINA SMITH are her U.S. Senators for Minnesota.

16. Plaintiff MIKE MADDEN is a federal taxpayer and resident of Ramsey County. Defendant BETTY MCCOLLUM is MADDEN's U.S. Congressional Representative and Defendants AMY KLOBUCHAR and TINA SMITH are his U.S. Senators for Minnesota.

17. Plaintiff CAROL WALKER is a federal taxpayer and resident of Ramsey County. Defendant BETTY MCCOLLUM is WALKER's U.S. Congressional Representative and Defendants AMY KLOBUCHAR and TINA SMITH are her U.S. Senators for Minnesota.

18. Plaintiff JOHN DOE (who has not consented to his name being made public) is a federal taxpayer and resident of Stearns County. Defendant MICHELLE FISCHBACH is DOE's U.S. Congressional Representative and Defendants AMY KLOBUCHAR and TINA SMITH are his U.S. Senators for Minnesota.

19. Plaintiff BILL SOREM is a federal taxpayer and resident of Hennepin County. Defendant DEAN PHILLIPS was SOREM's U.S. Congressional Representative during the relevant period of time in April 2024 and Defendants AMY KLOBUCHAR and TINA SMITH are his U.S. Senators for Minnesota.

20.    Defendant LLOYD J. AUSTIN III was the Secretary of Defense of the U.S.

Department of Defense during the time period relevant to this action (April 2024).

In this capacity, he oversaw the Defense Department, the implementation of

funding pursuant to the Israel Security Supplemental Appropriations Act and acted

as the principal defense policy maker and advisor during the relevant period.

21.    Defendant PETE HEGSETH is the current Secretary of Defense of the U.S.

Department of Defense and has been since January 25, 2025.  In this capacity he

oversees the Defense Department, the implementation of funding pursuant to the

Israel Security Supplemental Appropriations Act and acts as the principal defense

policy maker and advisor involved in the continued funding of Israel's ongoing

genocide.


## FACTUAL BACKGROUND

22.    Plaintiffs were federal taxpayers during the year 2024 and ever since.

23.    On January 26, 2024, the International Court of Justice ("ICJ") ruled that the

charge made by the South African government—genocide by the Israeli

government in Gaza---should not be dismissed and that the case should proceed for

ongoing litigation.  The ICJ found that at least some of the acts and omissions

committed by Israel in Gaza appear to be capable of falling withing the provisions

of the United Nations Convention on the Prevention and Punishment of the Crime

of Genocide ("Convention"). The ICJ made a preliminary ruling ordering that
Israel ensure with immediate effect that its military does not commit genocide, take
immediate and effective measures to enable the provision of urgently needed basic
services and humanitarian assistance to address the adverse conditions of life faced
by Palestinians in the Gaza Strip, and take all measures within its power to prevent
and punish the direct and public incitement to commit genocide in relation to
members of the Palestinian group in the Gaza Strip.

24. On January 31, 2024, the ICJ found that it is plausible that Israel's
    conduct in Gaza amounts to genocide. *See Defense for Children
    International-Palestine v. Biden* (N.D. Cal. 2024) 714 F. Supp.3d 1160,
    1167, aff'd (9th Cir. 2024) 107 F.4th 926.

25. On February 26, 2024, Amnesty International issued a finding that the
    Israeli government was defying the January 26, 2024 ICJ ruling. Human
    Rights Watch made the same finding on the same day. Both human
    rights organizations found that the Israeli government was systematically
    starving the people of Gaza through cutting off aid, water, and electricity,
    by bombing and military occupation, all underwritten by the provision of
    U.S. military aid and weapons.

26. On March 24, 2024, Francesca Albanese, the UN Special Rapporteur
    on the situation of human rights in the Palestinian territories, issued a

16

comprehensive report that found the Israeli government had unequivocally crossed the "threshold" and was actively committing genocide in Gaza.

27. On April 20, 2024, each of the U.S. Congressional Representative Defendants voted in favor of the Israel Security Supplemental Appropriations Act. On April 23, 2024, each of the U.S. Senator Defendants voted in favor of the Act. This Act (Public Law No: 118-50) allocated $26.38 billion in U.S. taxpayer dollars to the Department of Defense for use as military aid to Israel, including, but not limited to, $3.5 billion for the procurement of advanced weapons systems, defense articles, and defense services through the Foreign Military Financing Program; $1 billion to enhance the production and development of artillery and critical munitions; and $4.4 billion to replenish defense articles and defense services provided to Israel.

28. Defendant Congresspersons were aware, or should have been aware, of the rulings and finding described in Paragraphs 25 through 28 that Israel was actively engaged in committing genocide before voting in favor of the Israel Security Supplemental Appropriations Act. Prior to their vote, Defendants were made further aware of Israel committing genocide by their constituents who communicated and/or attempted to communicate

17

with them (by letter, phone, and/or in person) to urge each of them to not vote in favor of the Israel Security Supplemental Appropriations Act.

29. The crime of genocide is arguably the most serious, heinous crime in the history of human existence. In his Opening Statement at Nuremberg, November 21, 1945, American Prosecutor (and Supreme Court Justice) Robert H. Jackson, described the Nazi genocide as "The wrongs which we seek to condemn and punish have been so calculated, so malignant, and so devastating, that civilization cannot tolerate their being ignored, because it cannot survive their being repeated."

30. The U.S. government implemented the Genocide Convention in 1987 by passing the Genocide Convention Implementation Act. The U.S. government ratified the Convention in 1988. Although the ratification included several reservations, there was no ratifying reservation with respect to Article III of the Convention, which establishes that "complicity in genocide" is a crime. The crime of complicity is found at 18 U.S.C. Section 1091. Determination of the egregious crimes of genocide and complicity in genocide (which can carry the death penalty) constitute questions of law for the Judicial Branch and cannot be dismissed as mere political decisions by either the Executive or Legislative Branches of government.

31.   The U.S. Congress approved what is known as the Leahy Law (*see* 10
      U.S.C. Section 362; 22 U.S.C. Section 2378d) in 1997.  This law's
      purpose is to prevent the U.S. from being implicated in serious crimes
      committed by foreign security forces that it supports by cutting off aid to
      a specific unit if the U.S. has credible information that the unit committed
      a gross violation of human rights.  The law requires the U.S. government
      to vet foreign security forces and to terminate U.S. aid to those that fail to
      remediate human rights abuses.

32.   The vetting process required by the Leahy Law with respect to military
      aid to Israel has not occurred, as found by human rights organization
      DAWN in an April 30, 2024 report.

33.   Senator Patrick Leahy, who is the namesake for the Leahy Law, stated
      on May 23, 2024, that "Since the Leahy law was passed, not a single
      Israeli security force unit has been deemed ineligible for U.S. aid, despite
      repeated, credible reports of gross violations of human rights and a
      pattern of failing to appropriately punish Israeli soldiers and police who
      violate the rights of Palestinians."

34.   Defendant Congresspersons and Senators' April 2024 votes and
      Defendant Secretaries' implementation actions also violated the Foreign
      Assistance Act of 1961 (22 U.S.C. Section 2151 *et seq.*) and Arms

19

Export Control Act (22 U.S.C. Section 2271 *et seq.*) which prohibit
assistance to any country in which the government engages in a
consistent pattern of gross violations of internationally recognized human
rights, and which require the advancement of U.S. foreign policy
interests consistent with internationally-recognized human rights. The
votes to allocate U.S. taxpayer dollars as military aid to Israel included
arms sales that are directly tied to tens of thousands of civilian deaths in
Gaza.

35.   Defendants' actions  further violated the Conventional Arms Transfer
policy which prohibits U.S. weapons transfers that risk facilitating or
otherwise contributing to violations of human rights or international law.

36.   Defendants' actions  further violated customary international law and
Article 6 of the U.S. Constitution, which makes laws and treaties the
supreme law of the land.

37.   The Israel Security Supplemental Appropriations Act itself violates
customary international law and the Convention on the Prevention and
Punishment of Genocide, to which the United States has bound itself, by
appropriating tax dollars for complicity in genocide. The Israel Security
Supplemental Appropriations Act also violates the Genocide Convention
Implementation Act in the same manner as well as the "Taxing and

20

Spending Clause" of the Constitution that requires taxes be raised and spent on the "General Welfare or Common Defense." .

38.   Starting shortly after the April 20 and 23, 2024 votes, published reports provided further indication that the votes were illegal.  On May 29, 2024, the Research Society of International Law published a report, America's Complicity in the Crime of Genocide in Gaza, which found that the U.S. government had violated Article III of the Convention with respect to funding Israel's military activities in Gaza.

39.   On December 5, 2024, Amnesty International concluded after extensive investigation that Israel is committing genocide against Palestinians in Gaza.

(https://www.amnesty.org/en/latest/news/2024/12/amnesty-international-concludes-israel-is-committing-genocide-against-palestinians-in-gaza/).

40.   Plaintiffs  have standing to bring this class action under *Flast v. Cohen* (1968) 392 U.S. 83.  In *Flast*, the U.S Supreme Court affirmed the right of taxpayers to file a class action lawsuit when their tax dollars were used by government officials in an unconstitutional manner. Per the *Flast* ruling, just as government officials cannot allocate our tax dollars into private religious schooling, thereby breaching the Establishment Clause, they likewise cannot allocate our tax dollars into funding genocide which

allocation violates Article I, Section 8 that gives Congress the
responsibility to conduct its tax and spend authority according to the
"general welfare" and the "common defense." Plaintiffs thus challenge
Defendants' votes on April 20 and April 23, 2024 and Defense
Secretaries' implementation in favor of the Israel Security Supplemental
Appropriations Act, which was an exercise of tax and spend power by
Defendants that illegally extracted and spent the tax money of Plaintiffs. .
Furthermore, Plaintiffs allege that Defendants' votes and extractions of
their tax money exceeded the constitutional limits on tax and spend
power by allocating taxpayer funds for an illegal purpose, namely in
violation of the prohibition of complicity in genocide (18 U.S.C. Section
1091), the Leahy Law, the Foreign Assistance Act of 1961 and Arms
Export Control Act, and the Conventional Arms Transfer policy, rather
than for the general welfare. Plaintiffs therefore seek a declaration that
the Israel Security Supplemental Appropriations Act is unconstitutional.

41.   While the U.S. Supreme Court recognized in *United States v. Butler*,
297 U.S. 1 (1936) that the power of Congress to authorize the
expenditure of tax dollars is broad, it nonetheless must conform to the
"general welfare" or "common defense." This spending power is of
course not unlimited, *Pennhurst State School and Hospital v. Halderman*,

22

451 U.S. 1, 17, (1981), but is instead subject to several general restrictions, the first of which is derived from the language of the Constitution itself: the exercise of the spending power must be in pursuit of "the general welfare." (See *Helvering v. Davis*, 301 U.S. 619, 640-641, (1937); *United States v. Butler, supra*, at 65.) No amount of deference to Congress for their allocation of a large percentage of our tax dollars to fund the genocide in Gaza should be found to conform to "general welfare" or "common defense."

42. This fiscal allocation also violates Article VI of the U.S. Constitution that establishes treaties ratified by the U.S. Government as the "supreme law of the land." In 1988, the U.S. government ratified the Convention for the Prevention and Punishment of the Crime of Genocide. (*See* https://ihl-databases.icrc.org/en/national-practice-us-code-title-18-chapter-50a-1988). Though it did so with some exemptions, it did not exempt itself from Article III of the Convention, prohibiting "complicity in genocide." This was re-affirmed by the 2007 Genocide Accountability Act (Public Law 110-151) which made both citizens and non-citizens liable for acts of genocide whether inside or outside borders of the United States. (*See* https://www.govinfo.gov/app/details/PLAW-110publ151). In the words of Representative Maxine Waters, "Genocide is a heinous

23

and despicable crime, which contradicts all of the values we in America
hold dear. We must use every tool at our disposal to stop genocide from
occurring and to hold those who commit genocide responsible for their
actions." ("Genocide and the Rule of Law" waters.house.gov, Aug 3,
2000, at https://waters.house.gov/media-center/committee-
remarks/genocide-and-rule-law). What has happened in Gaza over the
past 19 months is unequivocally genocide, as documented in
comprehensive reports by UN officials, international courts, Amnesty
International, Human Rights Watch and Doctors Without Borders, among
many other credible sources. Recently the largest and most prestigious
professional society for the teaching and study of American history
(which publishes the *Journal of American History*) also overwhelmingly
passed a resolution condemning Israel's "scholasticide" in Gaza.

43. Plaintiffs have suffered and continue to suffer concrete, particularized, and
actual or imminent injury as a result of Defendants ' conduct. Each of th Plaintiffs
has experienced moral injury and acute emotional injury caused by Defendants'
votes to arm Israel and in support of Israel's continuing genocide via the Israel
Security Supplemental Appropriations Act. The Act itself has forced Plaintiffs to
be complicit in the genocide carried out by the State of Israel in Gaza due to the tax
dollars they have paid and which were and are used to fund Israeli military activity

24

in Gaza. The moral injury has manifested in emotional or psychic distress
experienced by all Plaintiffs, including, but not limited to, symptoms such as bouts
of uncontrollable weeping, inability to sleep, distractions from work, despair for
the future of their children and humanity, inability to experience joy, feelings of
guilt, social isolation, and anxiety. The foregoing injuries have been ongoing since
April 20, 2024. While the Court may have concerns about engaging in foreign
policy matters, it is well within the judiciary's purview to adjudicate cases
involving constitutional violations, even when they intersect with foreign policy.
The judiciary has a duty to ensure that all branches of government act within their
constitutional limits. The Declaratory Judgement Act, 28 U.S.C. Sections 2201, et
seq., empowers federal courts to declare the rights and legal relations of interested
parties, providing a remedy for ongoing constitutional violations. In
*Massachusetts v. Mellon*, 262 U.S. 447 (1923), the Court acknowledged that
declaratory relief is appropriate where a substantial controversy exists between
parties with adverse legal interests. Courts have historically intervened in foreign
policy matters when constitutional rights are implicated. In *Baker v. Carr*, 369
U.S. 186 (1962), the Supreme Court held that courts have the authority to
adjudicate constitutional claims even when they intersect with foreign policy,
provided the issues are justiciable and do not present a political question. The
political question doctrine is not applicable here because the case involves

25

judicially manageable standards and does not require the Court to make policy determinations. Plaintiffs' claims are grounded in constitutional violations, specifically the misuse of taxpayer funds for unlawful purposes, which are within the purview of judicial review. Plaintiffs' claims do not seek to dictate foreign policy but rather to ensure that congressional actions adhere to constitutional and statutory limitations, including the prohibition against complicity in genocide under 18 U.S.C. Section 1091. Moreover, the fact that international law is implicated does not convert this matter into litigation over foreign policy

44. If this Court should issue a declaratory judgment to resolve this actual constitutional case and controversy between the parties as to whether Congressional Defendants' April 20 and 23 votes in favor of the Israel Security Supplemental Appropriations Act, Defense Secretaries' implementation thereof and/or the Act itself violated and continues to violate Plaintiffs' constitutional rights as described herein, the Court will have ordered a change in legal status that would have practical consequences. A declaratory judgment would significantly increase the likelihood that CLASS MEMBERS would obtain relief to have their constitutional right to have their taxes collected for lawful purposes and not, in any case, for the most egregiously unlawful crime of complicity in genocide. The ongoing injuries suffered by Plaintiffs caused by

Defendants will end, providing substantially meaningful redress of their injuries.

Wherefore, Plaintiffs pray for relief as set forth below.

### FIRST CAUSE OF ACTION

Violation of Ninth Amendment and Article I, Section 8 of the Constitution
(Against All U.S. Congressional Defendants)

45.   Plaintiffs, on behalf of themselves individually and the proposed Class, reallege and incorporate by reference the allegations contained in prior paragraphs of this Complaint as if fully set forth herein.

46.   Protecting the human rights of individuals within the United States and abroad is deeply rooted in this nation's history and tradition.

47.   The Ninth Amendment to the U.S. Constitution provides that the enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

48.   Article I, Section 8 of the U.S. Constitution establishes Congress' power to lay and collect taxes but only for the common defense and general welfare of the United States. When taxes are collected and allocated for unlawful purposes, particularly highly or gravely illegal purposes, the general welfare is not served.

27

49. Pursuant to the Ninth Amendment and Article I, Section 8 of the U.S. Constitution, there is an implied right to not have one's taxes be collected for unlawful purposes, at a minimum not for highly gravely illegal purposes. Plaintiffs hold these inherent, inalienable, natural, and fundamental rights.

50. The acts of Defendants have unconstitutionally caused, and continue to cause, a violation of Plaintiffs' constitutional rights to have their taxes collected and used for only lawful purposes and not in violation of the "Taxing and Spending Clause" in the Constitution because said taxes have been and continue to be used for the highly and gravely unlawful purpose of complicity in genocide.

WHEREFORE, Plaintiffs pray for judgment against Defendants as more fully set forth below.

## SECOND CAUSE OF ACTION
*Bivens* action (limited to declaratory judgment relief)

51. Plaintiffs, on behalf of themselves individually and the proposed Class, reallege and incorporate by reference the allegations contained in prior paragraphs of this Complaint as if fully set forth herein.

52. Protecting the human rights of individuals within the United States and abroad is deeply rooted in this nation's history and tradition.

28

53.  Article I, Section 8 of the U.S. Constitution establishes Congress'
     power to lay and collect taxes but only for the common defense and
     general welfare of the United States.  When taxes are collected and
     allocated for unlawful purposes, the general welfare is not served.

54.  There is an implied right to not have one's taxes be collected for
     unlawful purposes, at a minimum not for highly gravely illegal purposes
     and not in violation of the Constitution's "Taxing and Spending Clause"
     that it be for the "General Welfare or Common Defense"  Plaintiffs hold
     these inherent, inalienable, natural, and fundamental rights.

55.  Defendants acted under color of federal authority when they voted in
     favor to allocate Plaintiffs' taxpayers dollars as military aid to Israel.

56.  The acts of Defendants have unconstitutionally caused, and continue to
     cause, a violation of Plaintiffs' constitutional rights to have their taxes
     collected for only lawful purposes because said taxes have been and
     continue to be used for the highly and gravely unlawful purpose of
     complicity in genocide.

57.  The violation of Plaintiffs' constitutional rights has caused substantial
     injuries to Plaintiffs. .

WHEREFORE, Plaintiffs pray for judgment against Defendants as more fully
set forth below.

## THIRD CAUSE OF ACTION

Unconstitutional Law in Violation of Ninth Amendment and Article I, Section 8
and Article 6 of the Constitution (pursuant to right to judicial review under the
Administrative Procedure Act
against Defendants Austin, Hegseth and any successor Secretary of the
Department of Defense)

58. Plaintiffs, on behalf of themselves individually and the proposed Class,

reallege and incorporate by reference the allegations contained in prior

paragraphs of this Complaint as if fully set forth herein.

59. Protecting the human rights of individuals within the United States and

abroad is deeply rooted in this nation's history and tradition.

60. The Ninth Amendment to the U.S. Constitution provides that the

enumeration in the Constitution of certain rights shall not be construed to

deny or disparage others retained by the people.

61. Article I, Section 8 of the U.S. Constitution establishes Congress'

power to lay and collect taxes but only for the common defense and

general welfare of the United States. When taxes are collected and

allocated for unlawful purposes, particularly highly or gravely illegal

purposes, neither the general welfare nor the common defense is served.

62. Pursuant to the Ninth Amendment and Article I, Section 8 and Article

6 of the U.S. Constitution, there is an implied right to not have one's

taxes be collected for unlawful purposes, at a minimum not for egregious,

30

gravely illegal purposes. Plaintiffs hold these inherent, inalienable, natural and fundamental rights.

63.    The Israel Security Supplemental Appropriations Act has unconstitutionally caused, and continues to cause, a violation of Plaintiffs' constitutional rights to have their taxes collected for only lawful purposes because the Act has appropriated and continues to appropriate Plaintiffs' taxes to be used for the highly and gravely unlawful purpose of complicity in genocide.

64.    Accordingly, Public Law 118-50 should be declared unconstitutional, and its enforcement should be enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  That the Court declare, adjudge, and decree that U.S. Congressional Defendants and Defense Secretary Defendants exceeded the constitutional limits on tax and spend authority when voting in favor of and implementing the Israel Security Supplemental Appropriations Act, which violated and continue to violate the Plaintiffs' constitutional rights to have their taxes collected for only lawful purposes;

31

2. That the Court declare, adjudge, and decree that U.S. Congressional and Defense Secretary Defendants violated their duty under customary international law, as part of federal common and statutory law, that prohibits complicity in genocide by voting in favor of the Israel Security Supplemental Appropriations Act when they knew or should have known that the votes would result in the enabling and facilitating of Israel's commission of genocidal acts against the Palestinian people of Gaza;

3. That the Court declare, adjudge, and decree that all Defendants, both U.S. Congressional and Secretaries of Defense , by voting for and implementing the Israel Security Supplemental Appropriations Act, violated their duty under federal common and statutory law that prohibits aid to foreign security forces that have committed a gross violation of human rights, assistance to any country in which the government engages in a consistent pattern of gross violations of internationally recognized human rights, and U.S. weapons transfers that risk facilitating or otherwise contributing to violations of human rights or international law;

4. That the Court declare, adjudge, and decree that the Israel Security Supplemental Appropriations Act violates Plaintiffs' constitutional rights pursuant to the Ninth Amendment and Article I, Section 8 and Article 6 of the U.S. Constitution;

For all available injunctive, equitable, and other relief, including but not limited to an injunction enjoining Defendant HEGSETH and any successor Secretary of the Department of Defense from enforcing or causing any other federal actor to enforce the Israel Security Supplemental Appropriations Act;

5. For such other and further relief as the Court deems proper and just.

DATED:   $12/12/2025$

Signature of Plaintiff   Coleen Rowley

Plaintiff's Name   Coleen Rowley

Mailing Address   193 Beaumont Ct.

Apple Valley, MN 55124

Telephone Number   952 393-0914

Email Address   rowleyclan@earthlink.net

33

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS' SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR TYPOGRAPHICAL ERRORS.**

DATED: **Nov 28, 2025**

Signature of Plaintiff _WM Sochm /s/_

Mailing Address _17301 Stevor t Lane_
_A 705_

Telephone Number _952-239-1169_

Email address _bill_soram@me.com_

34

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS'
SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM
THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO
AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY
DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS
FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR
TYPOGRAPHICAL ERRORS.**

DATED:    12/1/2025

Signature of Plaintiff    Fiore L Reedl /s/

Mailing Address    4520. 33rd Ave S.
Minneapolis, MN 55406

Telephone Number    612.242.1999

Email address    fionaroedl@gmail.com

35

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS' SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR TYPOGRAPHICAL ERRORS.**

DATED: 12-01-2025

Signature of Plaintiff _Darlene M. Coffman_   /s/
Mailing Address _____

_1019 Chalet Dr. N.W._
_Rochester, MN 55901_

Telephone Number   _507-513-1730_

Email address   _darlenecoffman@yahoo.com_

36

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS'
SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*: TO AFFIRM
THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES: TO
AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY
DISMISSALS: TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS
FOR DECLARATORY JUDGMENT: AND TO CORRECT SOME MINOR
TYPOGRAPHICAL ERRORS.**

DATED:   12/1/2025

Signature of Plaintiff   *Janis Ward* /s/

Mailing Address   48063 Big Isl Rd
MARCELL MN 56657

Telephone Number   218-832-3946

Email address   forgetme not @ BigFork.Net

37

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS' SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR TYPOGRAPHICAL ERRORS.**

DATED:        12/1/25

Signature of Plaintiff        _Denise D Eisenhour_ /s/

Mailing Address        _45065 N Big Island Rd._
                       _Merrell MN 56657_

Telephone Number        _218-832-3946_

Email address        _denhou...48@Gmail.com_

38

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS' SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR TYPOGRAPHICAL ERRORS.**

DATED:   12/1/25

Signature of Plaintiff _____  /s/

Mailing Address      3156 Elliot Avenue

Minneapolis, MN, 55407
_____

Telephone Number    (612) 590-4705

Email address        amyblumenshine@mac.com

39

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS'
SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM
THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO
AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY
DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS
FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR
TYPOGRAPHICAL ERRORS.**

DATED: November 28, 2025

Signature of Plaintiff _Michael Mudd_ /s/

Mailing Address _1768 Iglehart Ave._
_Saint Paul, MN_
_55104_

Telephone Number _651-644-2288_

Email address _mike @ mudpuppies.net_

40

**DEFENDANTS AND PRO SE PLAINTIFFS STIPULATE TO WAIVE PLAINTIFFS' SEEKING OF COMPENSATORY MONEY DAMAGES UNDER *BIVENS*; TO AFFIRM THAT DEFENDANTS ARE SUED ONLY IN THEIR OFFICIAL CAPACITIES; TO AGREE TO PLAINTIFFS THARWAT'S AND VARONE'S VOLUNTARY DISMISSALS; TO ADD THE ADMINISTRATIVE PROCEDURE ACT AS A BASIS FOR DECLARATORY JUDGMENT; AND TO CORRECT SOME MINOR TYPOGRAPHICAL ERRORS.**

DATED:   November 28, 2025

Signature of Plaintiff   Carl J. Walter  /s/

Mailing Address   1311 Earl St.

St. Paul, MN   55106

Telephone Number   651-774-5795

Email address   Carolwalks4@gmail.com

41