UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Coleen Rowley, William "Bill" Sorem, Fiona Roedl, Darlene Coffman, Janice Ward, David Evenhouse, Amy Blumenshine, Mike Madden, Carol Walker, and John Doe, *on behalf of themselves and all others similarly situated*,

      Plaintiffs,

v.

Brad Finstad, Angie Craig, Dean Phillips, Betty McCollum, Tom Emmer, Michelle Fischbach, Pete Stauber, Amy Klobuchar, Tina Smith, Lloyd J. Austin III, and Pete Hegseth,

      Defendants.

File No. 25-cv-2059 (ECT/LIB)

**ORDER**

---

The matter is before the Court on Defendants' Motion to Set Aside the Default. ECF No. 40. Briefly, the procedural background is this. Plaintiffs served their Complaint on July 30, 2025. ECF No. 6 at 3. Defendants were given until September 1, 2025, to answer or otherwise respond to the Complaint. ECF No. 11. Defendants filed a motion to dismiss the Complaint on September 2, 2025. ECF No. 13. On December 12, 2025, pursuant to the parties' stipulation, Plaintiffs filed an Amended Complaint, to which Defendants had twenty-one days to respond. ECF No. 34. Three days later, the motion to dismiss was denied as moot. ECF No. 35. On February 6, 2026, Plaintiffs applied for an entry of default under Federal Rule of Civil Procedure 55(a). ECF No. 36. They noted Defendants had not responded within twenty-one days to the Amended Complaint. *Id.* at 3.

The Clerk entered default on February 9, 2026.  ECF No. 37.  On February 25, Defendants moved to set aside the entry of default.  ECF No. 40.

Two provisions in the Federal Rules of Civil Procedure govern this motion.  Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Additionally, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).  "As a practical matter, when the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default, or if a default is entered, it will be set aside."  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2702 (4th ed. and Sep. 2025 Update) (footnote omitted).  In short,

> federal law favors the disposition of cases on the merits, and, as a result, a default judgment is a drastic sanction that should be employed only in an extreme situation.  The disfavor in which such judgments are held is especially strong in situations where, as in the instant case, the defendant is the government.

*Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) (citation modified); *see Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993) ("We have frequently endorsed the strong judicial policy against default judgments.").

Courts have considered the following factors in analyzing whether to set aside entry of default: "[1] whether the default is willful, [2] whether the defendant has presented a meritorious defense, and [3] whether the plaintiff would suffer substantial prejudice by a decision to set aside the default." *Haskins. v. U.S. One Transp., LLC*, 755 F. Supp. 2d 126,

129 (D.D.C. 2010) (quoting *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995)).  "The court must resolve all doubts in favor of the party seeking relief." *Id.*

Defendants have shown good cause to set aside the entry of default.  Through an affidavit submitted by their attorney of record, Defendants attest that Civil Chief of the U.S. Attorney's Office Ana Voss was originally assigned to this case, that the Civil Division "handled a substantial number of immigration habeas cases over the past few months," and that Ms. Voss left the U.S. Attorney's Office on February 6, 2026.  ECF No. 42 ¶¶ 2–4.  In her place, Assistant U.S. Attorney Justin Page was assigned to this matter on February 10.  *Id.* ¶ 5.  He moved to set aside default about two weeks after appearing. Resolving all doubts in favor of Defendants, default was not willful.  I credit Defendants' explanation that this case "fell through the cracks" due to an increased workload in the Civil Division and significant personnel changes.  ECF No. 48 at 2; *see Elbert v. Rollins*, No. 25-cv-3668 (KMM/JFD), 2026 WL 735046, at *1 (D. Minn. Mar. 16, 2026) (vacating default and extending time to respond to complaint where delay was based in part on "work on immigration habeas cases and a staffing shortage in the U.S. Attorney's Office"). Defendants moved to dismiss the original complaint, which indicates a good-faith attempt to litigate this case.

Defendants have shown a meritorious defense.  "Meritorious" in this posture is not a demanding standard.  "A defense is meritorious if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Haskins*, 755 F. Supp. 2d at 130 (citation modified).  In their memorandum supporting the earlier motion to dismiss, Defendants argued that Plaintiffs lacked standing and that the political question doctrine

barred the claims, both of which would be complete defenses, if successful.  ECF No. 15 at 4–9.  Plaintiffs' own briefing acknowledges that another court found similar claims to be nonjusticiable political questions.  ECF No. 47 at 16 (citing *Def. for Child. Int'l-Pal. v. Biden*, 714 F. Supp. 3d 1160 (N.D. Cal. 2024)).  I make no determination now whether that conclusion is correct, but it is good reason to think Defendants have presented a meritorious defense that justifies vacating entry of default.

Finally, prejudice to Plaintiffs is minimal.  Plaintiffs identify no "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion" stemming from a delayed outcome.  *Haskins*, 755 F. Supp. 2d at 131 (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)).  They argue they would "immense[ly] benefit" from prompt "judicial determination of the unlawfulness" of Defendants' conduct.  ECF No. 47 at 15.  In other words, they seek a decision on the merits. That favors vacating the entry of default.  *See Oberstar*, 987 F.2d at 504.

Therefore, based on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Motion to Set Aside the Default [ECF No. 40] is **GRANTED**.

2. The Clerk shall **SET ASIDE** the Entry of Default [ECF No. 37].

3. The deadline for Defendants to answer or otherwise respond to the Amended Complaint is extended to **March 30, 2026**.

Dated:  March 24, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court

4