**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 25-cv-2059 (ECT/LIB)**

Coleen Rowley, et al.,

              Plaintiffs,

v.

Brad Finstad, et al.,

              Defendants.

                               **DEFENDANTS' REPLY**
                               **MEMORANDUM IN**
                         **SUPPORT OF DEFENDANTS'**
                            **MOTION TO DISMISS**

On March 30, 2026, Defendants filed a Motion to Dismiss. ECF 51. On April 15, 2026, Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Motion for Declaratory Judgment and/or Evidentiary Hearing. ECF 56. Defendants now submit this Reply Memorandum in support of the Motion to Dismiss.

**ARGUMENT**

**I.**      **Plaintiffs' claims are barred under the political question doctrine.**

In Defendants' initial brief, Defendants cited *Defense for Children Int'l-Palestine v. Biden*, 107 F.4th 926 (9th Cir. 2024), for the proposition that Plaintiffs' claims for declaratory relief must be dismissed under the political-question doctrine. ECF 51, pp. 7-9. Plaintiffs make no attempt to distinguish *Defense for Children.* Nor could Plaintiffs distinguish *Defense for Children*. In *Defense of Children*, the Ninth Circuit held that whether to grant military aid to a foreign nation presents nonjusticiable political questions. *Id.* 931.

Instead of attempting to distinguish *Defense of Children*, Plaintiffs cite *Zivotofsky v. Clinton* for the proposition that the political question doctrine does not apply to their claims. ECF 56, pp. 39-40. Plaintiffs' reliance on *Zivotofsky* is misplaced. In *Zivotofsky*,

the Supreme Court held that federal courts had jurisdiction over a dispute concerning Congress's attempt to "override" the State Department's policy of listing "Jerusalem," rather than "Israel," as the place of birth on the passport of a U.S. citizen born in Jerusalem. *Zivotofsky v. Clinton*, 566 U.S. 189, 191-192 (2012). The political question doctrine did not apply in *Zivotofsky* because the federal courts were not being asked to "supplant a foreign policy decision of the political branches with the courts' unmoored determination of what United States policy towards Jerusalem should be." *Defense of Children*, 107 F4th at 933 (citing *Zivotofsky v. Clinton)*. Instead, the only issue was whether the law Congress passed—requiring "Israel" to be listed as the place of birth—was an unconstitutional usurpation of Executive power. *Id.* The statutory and constitutional interpretation required to answer this question, the Court held, was "a familiar judicial exercise." *Id.*  The justiciable statutory and constitutional questions in *Zivotofsky*, bear no relation what plaintiffs ask for here – whether genocide is occurring in Gaza. *See* ECF 56, p. 15.

Plaintiffs cite *Al-Tamini v. Adelson* for the proposition that courts have held that claims that a party committed genocide are justiciable. However, *Al-Tamini* involves claims under the Alien Tort Statute (ATS) and the Torture Victim Protection Act of 1991 (TVPA) and claims against American citizens or entities. *Al-Tamimi v. Adelson*, 916 F.3d 1, 4 (D.C. Cir. 2019). Al-Tamini is not applicable to Plaintiffs' case since Plaintiffs did not bring claims under the ATS or the TVPA.

Whether to grant military aid to a foreign nation presents nonjusticiable political questions. Therefore, the political-question doctrine bars Plaintiffs' claims and their claims should be dismissed.

## II.      Plaintiffs lack standing.

In Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, Defendants argue that Plaintiffs do not have standing to bring their claims. ECF 51, pp. 4-7.  Defendants argue that the limited exception to the taxpayer standing requirement does not apply to Plaintiffs' case, because *Flast v. Cohen* created a narrow exception for certain Establishment Clause challenges to statutory spending measures and the narrow exception does not apply here. Plaintiffs argue that the narrow exception to the taxpayer standing requirement applies in Plaintiffs' case. Plaintiffs argue that *Flast* is not limited to Establishment Clause challenges.

However, Plaintiffs' arguments are misplaced. *Flast* is primarily focused on Establishment Clause challenges. The Court in *Flast* noted, "[t]he Establishment Clause was designed as a specific bulwark against [ ] potential abuses of governmental power" and "operates as a specific constitutional limitation upon the exercise by Congress of the taxing and spending power conferred by Art. I, s 8." *Flast v. Cohen*, 392 U.S. 83, 104 (1968). "The Supreme Court has consistently emphasized the narrow nature of the *Flast* exception." *See Kikkert v. Trump*, Case No. 2:25-cv-00861, 2025 WL 2799545 * 3, (W.D. Wash. Oct. 1, 2025) (dismissing plaintiff's claims alleging that by using federal taxes to fund Isreal's military operations, defendants have breached numerous international treaties, federal statutes, and provisions of the U.S. Constitution.). Since *Flast* was decided, "the Supreme Court has declined to recognize taxpayer standing in many cases, particularly in cases involving challenges that are not brought under the Establishment Clause." *Id.* at 4 Additionally, federal appellate courts have followed the Supreme Court's lead in refusing

to expand the exception adopted in *Flast*. *Tarsney v. O'Keefe*, 225 F.3d 929, 937 (8th Cir. 2000). Since the narrow exception in *Flast* does not apply here, Plaintiffs' claims should be dismissed for lack of standing.

Plaintiffs additionally argue that they have suffered a moral injury due to Defendants' conduct and therefore have met the Article III standing requirement. However, Plaintiffs cite no case in which a court has recognized a perceived moral injury to be the type of direct injury which can confer standing. As the Supreme Court has explained, plaintiffs do not have standing if they do not "identify any personal injury suffered by them *as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms.... [S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, 485-486 (1982). Plaintiffs' claims of emotional and moral harm do not meet the Article III requirement for standing.

The Plaintiffs do not have standing, and, therefore, their Complaint should be dismissed.

### III.   Plaintiffs' Motion for a Declaratory Judgment.

Plaintiffs' Memorandum is entitled Memorandum in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Motion for Declaratory Judgment and/or Evidentiary Hearing. It is not clear from Plaintiffs' Memorandum whether they are bringing

an affirmative motion. To the extent Plaintiffs are currently bringing an affirmative motion, Defendants ask that the motion be denied because of Plaintiffs' failure to follow District of Minnesota Local Rule 7.1. Local Rule 7.1(a) requires a moving party to meet and confer before filing a motion. Plaintiffs have not met and conferred with Defendants prior to bringing their motion or filed a meet and confer statement. *See Fredin v. Miller*, Civ. No. 18-cv-510 (SRN/HB), 2018 WL 11282676, at 1 (D. Minn. April 9, 2018) (denying motion for leave to amend when pro se plaintiff failed to comply with the Local Rules, including Rule 7.1(a)). Additionally, Plaintiffs have not filed any motion, notice of hearing or proposed order to go along with their motion. Local Rule 7.1(c). *Id.* (striking a motion to dismiss, without prejudice, for failure to comply with Local Rule 7.1(c)). Because Plaintiffs failed to comply with Local Rule 7.1, Plaintiffs' affirmative motion should be denied.

### Conclusion

For the foregoing reasons, the Defendants respectfully request that this Court grant their motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

Dated: April 29, 2026

DANIEL N. ROSEN
United States Attorney

 *s/ Justin Page*
BY:  JUSTIN M. PAGE
Assistant United States Attorney
Attorney ID Number 321631
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 664-5600
Justin.page2@usdoj.gov